IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM C. SQUIRES AND LORRETTA SQUIRES, | ) ) ) |
| Plaintiffs. | ) CASE NO. 2011-11-413 ) |
| vs. | ) ) ) |
| BAC HOME LOANS SERVICING, LP, | ) TRIAL BY JURY DEMANDED ) |
| Defendant. | ) |

## COMPLAINT

**NOW COME** Plaintiffs, William and Lorretta Squires, individually and on behalf of all similarly situated individuals, and as their Complaint against the Defendant BAC Home Loans Servicing, aver as follows:

### INTRODUCTION

Plaintiffs bring this action for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226. Defendant failed to provide notice of the transfer of ownership interest in Plaintiffs' mortgage loan as required by 15 U.S.C. § 1641(g).

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1640 (Truth in Lending Act).

2. Venue is proper here because the events giving rise to Plaintiffs' cause of action occurred in this district.

## THE PARTIES

3. Plaintiffs are adult residents of Mobile County, Alabama.

4. BAC Home Loans Servicing, LP ("BAC") is a New York corporation, with its principal place of business in California. BAC does business in the State of Alabama.

## FACTUAL ALLEGATIONS

5. On June 13, 2007, Plaintiff executed a real estate mortgage with Countrywide Home Loans in the amount of $157,000. Servicing of the loan was transferred to BAC.

6. On July 21, 2010 beneficial interest in the Plaintiffs' mortgage and note was assigned to BAC. A written Assignment identifying BAC as the assignee was executed on July 21, 2010 and recorded in the probate office of Mobile County, Alabama on or about August 20, 2010. (See Assignment attached hereto as Exhibit "A")

7. The mortgage loan at issue was secured by the Plaintiffs' principal residence.

8. The Truth-in-Lending Act, at 15 U.S.C. § 1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. Specifically § 1641(g) states:

> **(g) Notice of new creditor**
> **(1) In general**
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
> (A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
> (D) the location of the place where transfer of ownership of the debt is recorded; and
> (E) any other relevant information regarding the new creditor.

(2) **Definition**
As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g).

9. BAC failed to provide to Plaintiffs, disclosures required by TILA Section 1641(g).

## COUNT ONE

10. Plaintiffs reallege the allegations above as if fully set out herein.

11. With respect to Plaintiffs, BAC received by assignment a beneficial interest in their mortgage and note.

12. BAC is a "creditor" within the meaning of 15 U.S.C. § 1641(g).

13. Said mortgage secures an interest in real estate which is used by Plaintiffs as their principal dwelling.

14. Upon receipt of that assignment BAC was required to notify Plaintiffs in writing of such transfer, within 30 days, and make all the disclosures set out above.

15. BAC failed to notify Plaintiffs at all and therefore failed to make the requisite disclosures.

WHEREFORE Plaintiffs demands judgment for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a).

**PLAINTIFFS DEMAND TRIAL BY JURY AS TO ALL CLAIMS ASSERTED HEREIN**

_____
KENNETH J. RIEMER
EARL P. UNDERWOOD, JR.
Attorneys for Plaintiffss

**OF COUNSEL**

Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990.5558 Telephone
(251) 990.0626 Facsimile
kjr@alaconsumerlaw.com
epunderwood@alalaw.com


**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

BAC Home Loan Servicing, LP
c/o The Corporation Company
2000 Interstate Park Drive
Montgomery, AL 36109

2010048176  Book-6690  Page-871
Total Number of Pages: 1

State of Alabama-Mobile County
I certify this instrument was filed on:
August 20, 2010 @ 3:35:00 PM
S.R. FEE                $2.00
RECORDING FEES          $3.50
TOTAL AMOUNT            $5.50
2010048176
Don Davis, Judge of Probate

## ASSIGNMENT OF MORTGAGE

STATE OF ALABAMA

COUNTY OF MOBILE

For valuable consideration in hand paid to the undersigned **Mortgage Electronic Registration Systems, Inc. (MERS) acting solely as nominee for Lender and Lender's Successors and Assigns**, the receipt whereof is hereby acknowledged, the undersigned does hereby grant, bargain, sell, convey and assign unto **BAC Home Loans Servicing, Inc.** that certain mortgage executed by **William C. Squires and Loretta Squires, husband and wife, to Mortgage Electronic Registration Systems, Inc. (MERS) acting solely as nominee for Lender, Countrywide Home Loans, Inc., and Lender's Successors and Assigns**, bearing date of June 13, 2007, and recorded in Book 6206, page 298, of the records in the Office of the Judge of Probate of Mobile County, Alabama, together with the debt thereby secured and the property therein described.

IN WITNESS WHEREOF, the undersigned has caused this instrument to be executed on the 21st day of July, 2010.

Mortgage Electronic Registration Systems, Inc. (MERS) acting solely as nominee for Lender and Lender's Successors and Assigns P. O. Box 2026 Flint, MI 48501-2026 (888)679-MERS  MIN # 1000157-0006481295-7

BY: _____
    William S. McFadden
ITS: Attorney in Fact

STATE OF ALABAMA
COUNTY OF MOBILE

I, the undersigned, a Notary Public in and for said State and County, hereby certify that William S. McFadden, whose name as Attorney in Fact of Mortgage Electronic Registration Systems, Inc., is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he, in his capacity as such Attorney in Fact and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and seal this the 21st day of July, 2010.

_____
Notary Public
My commission expires 3/30/13

This instrument was prepared by:
William S. McFadden
McFadden, Lyon & Rouse, L.L.C.
718 Downtowner Blvd.
Mobile, AL 36609
(251) 342-9172
2474-7501