IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. SQUIRES AND LORETTA SQUIRES, | ) ) ) | |
| Plaintiffs. | ) ) | 1:11-CV-00413 |
| vs. | ) ) | |
| BAC HOME LOANS SERVICING, LP, | ) ) | |
| Defendant. | ) | |

REPORT OF PARTIES' PLANNING MEETING

Pursuant to the Fed.R.Civ.P. 26(f), a meeting was held on October 18, 2011, via telephone, and was attended by:

  Kenneth J. Riemer  - representing William and Loretta Squires
  Edward A. R. Miller  - representing BAC Home Loans Servicing, LP

1. **Plaintiffs' brief narrative statement of the facts and the causes of action:**

The Complaint contains a single count for violation of Section 1641(g) of the Truth-in-Lending Act ("TILA"), at 15 U.S.C. § 1641(g).  This is a new provision was added to TILA as part of the Helping Families Save Their Homes Act of 2009.  Section 1641(g) requires notification to the borrower within 30 days of any transfer or assignment of ownership of their mortgage loan. Plaintiffs allege that ownership of their mortgage loan was transferred to BAC on July 21, 2010, when an Assignment of Mortgage was executed. BAC failed to provide to Plaintiffs with the notice required by Section 1641(g). BAC is liable to Plaintiffs for statutory damages, attorneys fees and costs pursuant to TILA Section 1640(a).

2. **Defendant's brief narrative statements of the facts and defenses, including affirmative defenses:**

Defendant Bank of America, N.A. ("BANA"), successor by merger to BAC Home Loans Servicing, LP ("BACHLS"),[1] has filed a motion to dismiss this action, and contends that it adhered to all of the requirements of federal law, specifically the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.  BACHLS contends that plaintiff's complaint is time-barred; fails to state a claim under the plain language of the statute, which expressly excludes defendant; fails to specify any actual damage whatever; and attempts to bring a claim plaintiffs should have brought in the ongoing state court litigation.  Thus, BACHLS denies that plaintiff is entitled to recover any damages under TILA. BACHLS's investigation of this claim is ongoing and it reserves the right to supplement its statement and these defenses as discovery progresses.

3.   This jury action should be ready for trial by ***July 2012***, and at this time is expected to take approximately two (2) days.

4.   The parties request a pretrial conference in ***June 2012***.

5.   Discovery Plan.

    A.   Plaintiffs will need discovery on the following:
-All matters relating to the mortgage and assignment identified in the Complaint;

-All matters relating to ownership of the subject mortgage loan, including location, endorsement and transfer of the mortgage and note;

-All matters related to Plaintiffs' claim for damages under section 1640(a);

-Applicable policies and procedures of Defendants with regard to foreclosure and transfer of loans and assignments; and

-Any expert testimony identified by Defendants.

---

[1]BAC Home Loans Servicing, LP was merged into Bank of America, N.A. on July 1, 2011.

    B.    Defendants will need discovery on the following:

-Payments by the plaintiff to BACHLS, and to prior / subsequent mortgage lenders and servicers;

-The plaintiff's correspondence and communications with the former Countrywide Home Loans;

-The plaintiff's correspondence and communications with BACHLS;

-The plaintiff's correspondence and communications with prior / subsequent mortgage lenders and servicers, as well as third parties, regarding her loan;

-The plaintiff's alleged injuries;

-Matters identified by the plaintiff, above, (BACHLS reserves the right to object to the breadth of discovery requested as to those matters).

6. All discovery will be commenced in time to be completed by ***May 31, 2012***.

7. Initial Disclosures. The parties will exchange within ten (10) days after the date of this report, the information required by Fed. R. Civ. P. 26(a)(1).

8. The parties request until ***January 15, 2012,*** to join additional parties and amend the pleadings.

9. Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiffs by ***January 31, 2012.***

    from Defendants by ***February 28, 2012.***

10. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by ***May 15, 2012.***

11. Discovery Limits.

Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of 3 depositions by Plaintiffs and 3 by each Defendant, each deposition limited to maximum of 8 hours unless extended by agreement of parties.

Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 25 (total) requests for production of documents by each party to any other party. Responses due 30 days after service.

12. All potentially dispositive motions filed by ***April 15, 2012.***

13. Settlement cannot be evaluated at this time and may be enhanced by use of the following alternative dispute resolution procedure: Mediation.

14. The parties agree, to the extent possible, that service of discovery can be perfected by e-mail and does not have to be followed by duplicative service through regular U. S. mail. Further, service of pleadings will be perfected upon the filing of the pleading with the court's CM/ECF system, with no party requiring service by U.S. mail. Dates of service of e-mailed discovery requests shall be calculated as if mailed.

15. Though the parties do not anticipate significant electronic discovery issues, the disclosure or discovery of electronically stored information (ESI) should be handled as follows:

   a. The production of ESI should be done in .pdf format.

   b. If either party withholds information claiming a privilege or protection as trial preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable the other party to assess the applicability of the privilege or protection.

   c. The parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial preparation material.

Date: October 24, 2011

    \s\Kenneth J. Riemer
KENNETH J. RIEMER
EARL P. UNDERWOOD
Underwood & Riemer, PC
Attorneys for Plaintiff
166 Government Street, Suite 100
Mobile, AL 36602

    \s\Edward A.R. Miller
EDWARD A. R. MILLER

                                                    Jones, Walker, Waechter, Poitevent,
                                                    Carrère & Denègre, L.L.P.
                                                    254 State Street
                                                    Mobile, Alabama 36603