IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM C. SQUIRES AND LORETTA SQUIRES,<br><br>Plaintiffs,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, LP,<br><br>Defendant. | 1:11–CV–00413–WS–M |

REPLY MEMORANDUM OF LAW
IN SUPPORT OF BANK OF AMERICA, N.A.'S MOTION TO DISMISS

Defendant Bank of America, N.A. ("BANA"), successor by merger to BAC Home Loans Servicing, LP ("BACHLS"),[1] by and through its undersigned counsel, submits this reply memorandum in support of its motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.   ARGUMENT

    A.   Plaintiffs' claim is time-barred.

BANA concedes that there is no authority stating the "date of the occurrence of the violation" for purposes of 15 U.S.C. § 1641(g); however, the statute of limitations for claims under the Truth in Lending Act ("TILA") runs from the consummation of the transaction giving rise to liability.  *See Velardo v. Fremont Inv. & Loan*, 298 Fed. Appx. 890, 892 (11th Cir. 2008) ("The violation 'occurs' when the transaction is consummated.  Nondisclosure is not a

---

[1] BAC Home Loans Servicing, LP was merged into Bank of America, N.A. on July 1, 2011.

continuing violation for purposes of the statute of limitations." (citing *In re Smith (Smith v. American Fin. Sys., Inc.)*, 737 F.2d 1549, 1552 (11th Cir. 1984)).

Here, the transaction giving rise to BANA's alleged liability is the July 21, 2010 Assignment of Mortgage from MERS to BACHLS. (*See* Compl. ¶ 6, Ex. A.)  Since Plaintiffs did not file their complaint in this action until July 27, 2011 – more than one year after July 21, 2010 – their claim is time-barred under TILA's one-year statute of limitations.

      B.      <u>Holding that BACHLS was not Plaintiffs' "creditor" for the purposes of TILA does not require the Court to assume that Assignment of Mortgage is invalid.</u>

<u>BANA does not dispute that BACHLS acquired all rights and titles necessary to conduct a valid foreclosure sale of the Plaintiffs' former property</u>.  Rather, BANA asserts that Mortgage Electronic Registration Systems, Inc. ("MERS") – which was never Plaintiffs' "creditor" for the purposes of TILA – could not confer that status through the July 21, 2010 Assignment of Mortgage.  *See Singer Asset Fin. Co. v. Connecticut Gen. Life Ins. Co.*, 975 So. 2d 375, 380 (Ala. Civ. App. 2007) ("When a party assigns its rights under a contract to an assignee, the assignee steps into the shoes of the assignor and possesses all the rights the assignor originally possessed but nothing more.").

MERS's authority to assign its rights as mortgagee is well-recognized in Alabama. *See, e.g.*, *Mortensen v. Mortgage Elec. Registration Sys., Inc.*, No. 09–0787–WS–N, 2010 U.S. Dist. LEXIS 135876, *10–*11, *56–*58 (S.D. Ala. Dec. 23, 2010) (affirming MERS assignment of its rights as mortgagee).  The authority to assign rights as a mortgagee, however, is distinct from the authority to assign "creditor" status under TILA.  *See Kebasso v. BAC Home Loans Servicing, LP*, No. 11–360(DSD/AJB), 2011 U.S. Dist. LEXIS 79257, *6–*7, n. 7 (D. Minn. July 20, 2011) ("Moreover, this claim fails on the merits.  The [plaintiffs] allege that BAC[HLS] violated 15 U.S.C. § 1641(g) by failing to notify them that BAC[HLS] acquired the mortgage from MERS

on May 14, 2010. . . . Section 1641(g), however, imposes obligations on 'the creditor that is the new owner or assignee of the debt,' not on the mortgagees or loan servicer[s]." (citations omitted)).  Accordingly, the Court – properly recognizing the distinction between the assignment of rights as a mortgagee and the assignment of "creditor" status under TILA – is not required to assume that the Assignment of Mortgage is in some way invalid to hold that MERS did not assign "creditor" status to BACHLS.

      C.      <u>BACHLS was not an "owner" of Plaintiffs' mortgage loan for purposes of TILA.</u>

In their response to BANA's motion to dismiss, Plaintiffs repeatedly misconstrue BANA's motion as stating that BACHLS did not acquire <u>any</u> "ownership" interest in their mortgage loan.  As stated above, however, <u>BANA does not dispute that it acquired all rights and titles necessary to conduct a valid foreclosure sale of the Plaintiffs' property</u>.  Rather, BANA contends that BACHLS did not become an "owner" of Plaintiffs' mortgage loan <u>for the purposes of TILA</u> because it received its interest in the Plaintiffs' mortgage loan "solely for [its] administrative convenience." (*See* Mot. Dismiss 6–7.)

15 U.S.C. § 1641(f)(2) states that:

> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation <u>for purposes of this section</u> on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation.

15 U.S.C. § 1641(f)(2) (emphasis added).  Here, it is undisputed that the Assignment of Mortgage upon which Plaintiffs base their claim was executed on July 21, 2011, (*see* Compl. Ex. A), and that BACHLS foreclosed the mortgage exactly two months later, (*see* Resp. Ex. 1.)[2] Moreover, Federal National Mortgage Association ("Fannie Mae") acquired title to the

---

[2] Notably, the Assignment of Mortgage was executed by the same attorney that executed the foreclosure deed. (*Compare* Compl. Ex. A *with* Resp. Ex. 1.)

Plaintiffs' former property at the foreclosure sale. (*See* Resp. Ex. 1.) Despite Plaintiffs assertion that conducting a foreclosure sale is "the exercise of probably the most fundamental aspect of a mortgage," (Resp. 10), it is well-recognized that conducting foreclosure sales is a routine aspect of servicing mortgage loans. *See* Fannie Mae Single Family 2011 Servicing Guide pt. VIII, *available at* https://www.efanniemae.com/sf/guides/ssg/svcgpdf.jsp.[3] Moreover, Fannie Mae's servicing guidelines explicitly provide for mortgage loan servicers – such as BACHLS – to acquire legal title to a mortgage loan for the limited purpose of conducting a foreclosure sale in their own name. *See* Fannie Mae Single Family 2011 Servicing Guide pt. I, § 202.07 ("In order to ensure that a servicer is able to perform the services and duties incident to the servicing of the mortgage loan, Fannie Mae temporarily gives the servicer possession of the mortgage note whenever the servicer, acting in its own name, represents the interests of Fannie Mae in foreclosure actions, bankruptcy cases, probate proceedings, or other legal proceedings."), *available at* https://www.efanniemae.com/sf/guides/ssg/svcgpdf.jsp.

In these circumstances, it is clear that BACHLS acquired its interest in Plaintiffs' mortgage loan "solely for its administrative convenience" in servicing Plaintiffs' mortgage loan. Accordingly, while BACHLS may have held legal title to the Plaintiffs' mortgage loan, it was

---

[3] The Fannie Mae Single Family 2011 Servicing Guide is a publicly available document. Accordingly, the Court may take judicial notice of it without converting BANA's motion for dismiss into a motion for summary judgment. *See, e.g.*, *Mahan v. Retrieval-Masters Credit Bureau, Inc.*, 777 F. Supp. 2d 1293, 1298 n.4 (S.D. Ala. 2011) ("District courts have considerable discretion to take judicial notice of public records."), *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) (explaining that a district court "may take judicial notice of appropriate adjudicative facts at any stage in a proceeding" and that it "has wide discretion" to do so), *Cash Inn of Dade, Inc. v. Metropolitan Dade County*, 938 F.2d 1239, 1243 (11th Cir. 1991) ("A district court may take judicial notice of public records within its files relating to the particular case before it or other related cases."), *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. McCranie*, No. 3:10–cv–222–J–MCR, 2010 U.S. Dist. LEXIS 121173, *2 (M.D. Fla. Nov. 16, 2010) ("Public records comprise a category of documents subject to judicial notice."); *see also Wigod v. Wells Fargo Bank, N.A.*, No. 10 CV 2348, 2011 U.S. Dist. LEXIS 7314, *4 n.1 (N.D. Ill. Jan. 25, 2011) ("In addition, Supplemental Directive 09-01 is published by Fannie Mae and publicly available on its website . . . . Because it is both a public document of which the court can take judicial notice and [plaintiff] incorporated it by reference into the allegations of her complaint, the court is free to take into account the Supplemental Directive when deciding the motion to dismiss.").

not the "owner" of Plaintiffs' mortgage loan for the purposes of TILA and, therefore, was not required to provide Plaintiffs with any of the disclosures mandated by 15 U.S.C. § 1641(g).

      D.    <u>Plaintiffs' claim in this litigation and Plaintiffs' claims in the pending state court litigation all arise out of the servicing of Plaintiffs' mortgage loan and the foreclosure sale of their former property.</u>

Plaintiffs assert their claims in this litigation and their claim in the pending state court litigation are not "virtually identical" merely because the Plaintiffs have not asserted any TILA claims in the state-court action. (Resp. 15.) Nonetheless, the fact remains that Plaintiffs claims in both this litigation and the pending state-court litigation arise out of the servicing of Plaintiffs' mortgage loan and the foreclosure sale of their former property. Moreover, discovery in both cases is likely to involve many of the same documents and witnesses, particularly with respect to the nature of the Assignment of Mortgage upon which Plaintiffs base their claims in this litigation. Accordingly, if the Court does not dismiss Plaintiffs claims in their entirety, it should – in the interests of judicial economy and to protect BANA "from the vexation of concurrent litigation over the same subject matter," *Curtis v. Citibank*, N.A., 226 F.3d 133 (2d Cir. 2000) – require Plaintiffs to assert their TILA claims in the pending state court litigation.

**II.   CONCLUSION**

For the foregoing reasons, Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, respectfully requests that the Court dismiss Plaintiffs' claims *with prejudice* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This the 3rd day of November, 2011.

Respectfully submitted,

/s/ Edward Miller
Edward A. R. Miller (MILLE7815)
Jones, Walker, Waechter, Poitevant,
    Carrère & Denègre, LLP
254 State Street
Mobile, Alabama 36603
T: (251) 432–1414
F: (251) 433–4106
E: emiller@joneswalker.com

*Attorney for Defendant Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP*

## CERTIFICATE OF SERVICE

I certify that on November 3, 2011, I filed the foregoing electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kenneth J. Riemer
James D Patterson
Underwood & Riemer, P.C.
166 Government Street, Suite 100
Mobile, Alabama 36602
*Attorneys for Plaintiffs William C. Squires and Loretta Squires*

/s/ Edward Miller
Edward A. R. Miller