IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM C. SQUIRES, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 11-0413-WS-M |
| | ) |
| BAC HOME LOANS SERVICING, LP, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss (doc. 10). The Motion has been briefed and is now ripe for disposition.

**I.     Background.**

Plaintiffs, William and Loretta Squires, brought this action against defendant, BAC Home Loans Servicing, LP, alleging a single violation of the Truth-in-Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"). According to the well-pleaded allegations of the Complaint, plaintiffs executed a real estate mortgage with non-party Countrywide Home Loans in June 2007, with the loan being secured by plaintiffs' principal residence. (Doc. 2, ¶¶ 5, 7.) The Complaint further alleges that "[o]n July 21, 2010 beneficial interest in the Plaintiffs' mortgage and note was assigned to BAC," and that a written assignment identifying BAC as assignee was executed on that date and recorded shortly thereafter. (*Id.*, ¶ 6.)[1]

The lone claim asserted in the Complaint is a violation of TILA's requirement that a creditor to whom a mortgage loan is sold, transferred or assigned must notify the debtor in writing within 30 days after that transfer occurs. *See* 15 U.S.C. § 1641(g)(1) ("not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a

---

[1] Appended to the Complaint is a one-page exhibit, styled "Assignment of Mortgage," and stating that on July 21, 2010, nonparty Mortgage Electronic Registration Systems, Inc. ("MERS"), conveyed and assigned to BAC the Squires' mortgage, "together with the debt thereby secured and the property therein described." (Doc. 2, Exh. A.)

third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer"). The Complaint alleges that "BAC failed to notify Plaintiffs at all" of the July 21, 2010 assignment, such that it "therefore failed to make the requisite disclosures." (Doc. 2, ¶ 15.)  On that basis, plaintiffs claim that BAC violated § 1641(g), and seek an award of statutory damages, costs and attorney's fees.

BAC has now filed a Rule 12(b)(6) Motion, seeking dismissal of the Complaint on the following enumerated grounds: (i) the claim is time-barred; (ii) BAC was not the plaintiffs' creditor for § 1641(g) purposes; (iii) BAC is expressly excluded from liability by TILA and its implementing Regulation Z; (iv) plaintiffs have alleged no actual damages stemming from the purported violation of § 1641(g); and (v) plaintiffs have engaged in impermissible claim-splitting.  Plaintiffs oppose the Motion to Dismiss.

**II.     Analysis.**

   *A.     Legal Standard for Motion to Dismiss.*

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged … in the complaint as true."  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009); *see also Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) ("In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff."); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (similar).

To withstand Rule 12(b)(6) scrutiny, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] their claims across the line from conceivable to plausible."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted).  Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  As the Eleventh Circuit has explained, *Twombly/Iqbal* principles require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face,"

whose allegations are "enough to raise a right to relief above the speculative level." *Speaker*, 623 F.3d at 1380 (citations omitted). The factual content of the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations omitted); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) ("A plaintiff must provide enough factual allegations, which are assumed to be true, to raise a right to relief above the speculative level.").

### B.     Timeliness.

Defendant's first argument for seeking dismissal is that the Squires' Complaint is time-barred on its face. Under TILA, plaintiffs' claims are subject to a one-year statute of limitations. *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court … within one year from the date of the occurrence of the violation …."); *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp.2d 619, 628 (S.D. Tex. 2010) ("A one-year statute of limitations governs claims under the TILA."); *Rodrigues v. Members Mortgage Co.*, 323 F. Supp.2d 202, 210 (D. Mass. 2004) ("Most courts have held that a claim for statutory damages under TILA must be brought within one year of the date the disclosure violation occurred.").

According to defendant, the Squires' action is untimely because the well-pleaded allegations of the Complaint show that assignment of the mortgage and note to BAC occurred on July 21, 2010, yet plaintiffs did not file suit until July 27, 2011, one year and six days later. This argument is misguided because it ignores the timing of the alleged violation. Accepting the Complaint's allegations as true, as of July 21, 2010, BAC had not violated anything. Recall that the Squires' TILA claim is that BAC failed to make disclosures that were due "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party." § 1641(g). No violation occurred on the July 21, 2010 transfer date, because BAC had until 30 days thereafter (or August 20, 2010) to provide the statutory disclosures. Thus, the Squires' claim did not accrue until August 20, 2010. That is when the alleged § 1641(g) violation occurred, because that marked the date on which the 30-day statutory window closed, without BAC having furnished the requisite notice. BAC points to neither legal authority nor persuasive reasoning favoring a contrary result. Accordingly, the undersigned finds that the limitations clock on plaintiffs' § 1641(g) claim began running on the 30th day after the assignment occurred because the statute was violated only when no disclosures were given within 30 days. The Complaint was filed within one year after the alleged § 1641(g) violation

-3-

occurred (*i.e.*, within one year after August 20, 2010); therefore, defendant's Motion to Dismiss on limitations grounds is properly **denied**.[2]

### C. Whether BAC May Be Held Liable under § 1641(g).

Next, BAC asserts that the Squires' claims should be dismissed because (i) it is not a "creditor" within the meaning of § 1641(g), and (ii) as a mere "servicer," it is exempt pursuant to § 1641(f). Neither theory is persuasive at the Rule 12(b)(6) stage.

As to the first point, BAC focuses on language in § 1641(g) imposing the disclosure obligation on "the creditor that is the new owner or assignee of the debt." *Id.* Defendant notes that the Assignment of Mortgage appended to the Complaint shows that MERS assigned the mortgage to BAC; however, defendant argues, "MERS was never plaintiffs' creditor, therefore BAC[] was never plaintiffs' creditor." (Doc. 10, at 5.) There are several problems with this argument. As an initial matter, on a Rule 12(b)(6) Motion, all factual allegations in the Complaint are taken as true. The Squires' Complaint alleges that "beneficial interest in the Plaintiffs' *mortgage and note* was assigned to BAC." (Doc. 2, ¶ 6 (emphasis added).) The Court is not free to disregard that factual allegation – which yields a plausible *Twombly* / *Iqbal* inference that BAC, in fact, became plaintiffs' creditor when it obtained beneficial interest in both mortgage and note – merely because BAC disputes it.[3]

---

[2] Defendant's reliance on *Velardo v. Fremont Investment & Loan*, 2008 WL 4768850 (11th Cir. Nov. 3, 2008), for the proposition that TILA violations occur "when the transaction is consummated" is misplaced. *Id.* at *2. In *Velardo*, the plaintiffs' TILA claims were that defendants had failed to provide disclosures of terms such as finance charges, interest rates, and rights of rescission at the time they refinanced their mortgage. Those disclosures obviously must be made at or before the time of the proposed transaction to be of any help to the consumer in making an informed decision; therefore, it only makes sense that the violation would be complete at the time of the transaction. By contrast, the § 1641(g) disclosures have nothing to do with assisting a borrower in assessing the desirability of a transaction, but rather are intended to keep the borrower informed as to who holds his or her mortgage. There is thus no reason to run the limitations period for § 1641(g) violations concurrently with consummation of the underlying transfer. Defendant does not identify a single authority that has held otherwise. Furthermore, defendant's position is unpersuasive because it would require either disregarding or contorting the plain language of § 1641(g), which provides that an assignee has 30 days post-transfer to provide the necessary disclosures, to conclude instead that the violation is complete at the exact moment of the transfer if no disclosure is given then.

[3] Defendant's response is that this factual allegation can be ignored because it contradicts the Assignment of Mortgage attached to the Complaint. As a general proposition, it (Continued)

More importantly, defendant's argument is flawed because it imports the definition of the term "creditor" taken from elsewhere in TILA, without rebutting or even acknowledging the Federal Reserve Board's statement that such an application is improper. *See* 74 Fed. Reg. 60143-01, at 60145 ("Section 404(a) imposes the disclosure duty on the 'creditor that is the new owner or assignee of the debt.' The Board believes that to give effect to the legislative purpose, the term 'creditor' in Section 404(a) must be construed to refer to the owner of the debt following the sale, transfer or assignment, without regard to whether that party would be a 'creditor' for other purposes under TILA or Regulation Z."); 12 C.F.R. § 226.39(a)(1) (§ 1641(g) disclosure requirements apply generally to "any person … that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer, and who acquires more than one mortgage loan in any twelve-month period"). Defendant does not explain how its argument that BAC is not a "creditor" for § 1641(g) purposes can be squared with § 226.39 or statements by the Board, much less offer any basis for departing from that interpretive guidance.[4] Nor does defendant reconcile its belief

---

is correct that facts in a complaint need not be credited if they are contradicted by exhibits to same. *See generally Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("[w]e are not … required to accept as true allegations that contradict exhibits attached to the Complaint"). But there is no obvious contradiction here. After all, the Assignment of Mortgage states that MERS is transferring to BAC the Squires' mortgage "together with the debt thereby secured and the property therein described." (Doc. 2, Exh. A.) Just as the Complaint states, then, the Assignment of Mortgage confirms that the mortgage "and the debt thereby secured" were transferred to BAC. Nor does BAC advance its cause by suggesting that other evidence supports other factual inferences that MERS lacked creditor status. A Rule 12(b) Motion is not the time for such factual determinations to be made on an incomplete, undeveloped record relying on a movant's self-serving representations. This is particularly true where defendant would point to a mortgage document from 2007 as the definitive statement of MERS' rights vis a vis the Squires' mortgage at the time of assignment in 2010, without an iota of proof as to anything that might or might not have transpired in the interim to alter MERS' status. At the pleadings stage, this Court cannot make a factual determination of MERS' rights and interests in the loan as of 2010, beyond accepting plaintiffs' allegation that MERS transferred both mortgage and note to BAC.

[4] Curiously, defendant cites § 226.39 in other aspects of its brief, but ignores it altogether in making its "creditor" argument. (*See* doc. 10, at 7.) Such selective recognition of Regulation Z does not further defendant's position. Also, BAC does cite to *Kebasso v. BAC Home Loans Servicing, LP*, --- F. Supp.2d ----, 2011 WL 2960219, *2 n.7 (D. Minn. July 20, 2011), to bolster its proposed narrow scope of creditors who are subject to § 1641(g). However, (Continued)

that "creditor" should be construed narrowly for § 1641(g) purposes with this Court's obligation to interpret TILA liberally in light of its remedial purposes. *See, e.g., Brown v. CitiMortgage, Inc.*, --- F. Supp.2d ----, 2011 WL 4809142, *4 (S.D. Ala. Oct. 11, 2011) ("The Eleventh Circuit has emphasized the strong remedial purpose of TILA and has heeded continual admonitions that we construe TILA … liberally in the consumer's favor.") (citations and internal quotation marks omitted). Finally, by admitting that it "acquired all rights and titles necessary to conduct a valid foreclosure sale" of the Squires' property, BAC effectively concedes the presence of a viable *Twombly / Iqbal* inference that it is a "covered person" within the meaning of § 226.39. (Doc. 20, at 2.)

BAC's alternative argument fares no better. According to defendant, everyone agrees that BAC "merely service[d]" the Squires' mortgage loan, which therefore exempts BAC from any disclosure obligation under § 1641(g). (Doc. 10, at 6.) Contrary to defendant's assertion, the Complaint neither states nor suggests that BAC was a mere servicer of the Squires' mortgage; to the contrary, it repeatedly alleges that BAC came to possess a beneficial interest in plaintiffs' mortgage and note.[5] At a more fundamental level, defendant has not shown that it is entitled to the benefit of the statutory "servicer" exclusion as a matter of law. That exclusion provides that "[a] servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an

---

the cited footnote in *Kebasso* is of limited utility because the plaintiffs in that case did not even brief the TILA issue, such that the court's summary disposition of the issue lacked the benefit of balanced advocacy by both sides, but was a mere afterthought. Nor is there any indication that the *Kebasso* court was aware of the relevant regulation and Board statement for use in interpreting the term "creditor" in § 1641(g). Also, it bears noting that other courts have found that § 1641(g) does apply in analogous situations. *See Schafer v. CitiMortgage, Inc.*, 2011 WL 2437267, *6 (C.D. Cal. June 15, 2011) ("when MERS assigned or transferred any beneficial interest it had in the DOT and Note to Citi, Citi became the new creditor and would need to provide Plaintiff with" § 1641(g) disclosures).

[5]    On this point, defendant cites an allegation in the Complaint that "[s]ervicing of the loan was transferred to BAC." (Doc. 2, ¶ 5.) But this statement plainly refers to BAC's status with respect to the loan as of June 2007, without saying <u>anything</u> about BAC's role and interest in the loan as of July 2010, when the subject assignment occurred. Taken as a whole, the Complaint cannot rationally be read as indicating that "[p]laintiffs concede that BAC[] merely services their mortgage loan." (Doc. 10, at 6.)

assignment of the obligation from the creditor or another assignee to the servicer *solely for the administrative convenience of the servicer in servicing the obligation.*" 15 U.S.C. § 1641(f)(2) (emphasis added).  BAC asserts in conclusory fashion that the Assignment of Mortgage conveyed MERS's rights to BAC solely for its administrative convenience, but does not identify any facts supporting – much less dictating – that result.  (Doc. 10, at 7.)  It appears that BAC's position is that MERS executed the Assignment of Mortgage solely for the purpose of facilitating BAC's ability to foreclose on the subject property.  But defendant does not identify any record facts shedding light on the purposes of the Assignment or whether BAC's servicing obligations included foreclosure, much less facts that would mandate a singular plausible inference that the assignment was solely for BAC's administrative convenience in servicing the mortgage loan.[6]  Accordingly, the Court cannot find that BAC is entitled to Rule 12(b)(6) relief based on the § 1641(f)(2) "servicer" exclusion.

### D.    Actual Damages and § 1641(g).

Next, BAC asserts that dismissal of the Complaint is warranted because "if a plaintiff has not alleged actual damages resulting from an alleged failure to comply with the requirements of 15 U.S.C. § 1641(g), then he has not stated a claim under that statute."  (Doc. 10, at 8.)  In their Complaint, the Squires neither allege any actual damages, nor make a demand for same, but instead limit their *ad damnum* clause to "statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a)."  (Doc. 2, at 3.)

The parties' briefs give short shrift to the issue of whether actual damages are necessary to state a claim under TILA for a § 1641(g) violation.  Nonetheless, during the briefing process on this Motion to Dismiss, the undersigned issued an opinion addressing this issue in a case styled *Brown v. CitiMortgage, Inc.*, --- F. Supp.2d ----, 2011 WL 4809142 (S.D. Ala. Oct. 11, 2011).  In *Brown*, the Court rejected this very argument by a § 1641(g) defendant, reasoning that "the plain statutory text creates liability for a creditor that fails to comply with § 1641(g) in the

---

[6] At most, defendant points to Fannie Mae Servicing Guidelines and suggests that it is routine for loan servicers to acquire title to a mortgage loan "for the limited purpose of conducting a foreclosure sale in their own name." (Doc. 20, at 4.)  Even if defendant is correct in its assertion that such assignments are commonplace, it says nothing about the reasons for this particular assignment.  The Court cannot and will not simply assume that such a purpose existed for the Assignment of Mortgage to BAC in this case, as would be necessary to grant the Motion to Dismiss.

form of the *sum* of actual *and* statutory damages. … Thus, the mere fact that the [plaintiffs]' Complaint does not allege actual damages in no way impairs their right to hold [defendant] liable for a § 1641(g) violation, as long as they are eligible for statutory damages." *Id.* at *2.  There being no suggestion that the Squires are ineligible for statutory damages, BAC's "no actual damages" argument is conclusively defeated by *Brown*.  Inasmuch as defendant offered no viable basis for departing from the reasoning and conclusion of *Brown* here, the Court rejects its assertion that actual damages are necessary for the Squires to state a claim under § 1641(g).

      *E.*      *Claim-Splitting.*

The final stated ground for defendant's Rule 12(b)(6) Motion is that the Squires have engaged in improper claim-splitting by bringing certain claims against BAC in this action and certain other claims against BAC in proceedings pending in the Circuit Court of Mobile County, Alabama, and styled *Federal National Mortgage Association v. William C. Squires, et al.* (the "State-Court Action").  In that regard, BAC shows that in March 2011, the Squires brought third-party claims against BAC (and related entities) in the State-Court Action for wrongful foreclosure, wantonness, negligence, breach of mortgage agreement, breach of fiduciary duty, fraud, fraudulent suppression, equitable/ promissory estoppel, and declaratory/injunctive relief.  All of these state-law claims relate to a foreclosure sale that BAC conducted on September 21, 2010 and certain representations that BAC allegedly made to the Squires in connection with a proposed loan modification and the foreclosure sale.  (*See* doc. 10, Exh. 1.)

Defendant is quite correct that federal and Alabama courts have long recognized a rule prohibiting plaintiffs from splitting into multiple lawsuits claims relating to the same transaction or occurrence.  *See, e.g., Robbins v. General Motors De Mexico, S. DE R.L. DE CV.*, --- F. Supp.2d ----, 2011 WL 4346575, *2 (M.D. Fla. Sept. 16, 2011) ("Federal courts also recognize a prohibition against splitting of claims relating to the same transaction or occurrence."); *Dorsey v. Jacobson Holman PLLC*, 764 F. Supp.2d 209, 212 (D.D.C. 2011) ("The rule against claim splitting requires that all claims arising out of a single wrong be presented in one action.") (citation and internal quotation marks omitted); *Kelecseny v. Chevron, U.S.A., Inc.*, 262 F.R.D. 660, 672 (S.D. Fla. 2009) (explaining that "all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all") (citation omitted); *Gross v. Lappin*, 648 F. Supp.2d 48, 50 (D.D.C. 2009) ("Generally, a plaintiff is expected to present in one suit all the claims for relief that he may have arising out of the same

transaction or occurrence.") (citation and internal quotation marks omitted); *see also Ex parte Leasecomm Corp.*, 886 So.2d 58, 63-64 (Ala. 2003) (to avoid vexatious litigation and multiplicity of lawsuits, "Alabama has a strong policy against splitting causes of action or claims").

Nonetheless, BAC's argument fails because comparison of the Squires' claims in the State-Court Action with those presented here reveals that they do not involve the same transaction or occurrence. After all, the only claim interposed by the Squires in this action is a TILA claim alleging that BAC breached its obligation to notify plaintiffs in a timely manner after the Squires' mortgage loan was transferred to it in July 2010. By contrast, the Squires' claims in the State-Court Action have nothing to do with the July 2010 Assignment of Mortgage and BAC's purported failure to notify plaintiffs of same. Rather, the State-Court Action claims concern the September 2010 foreclosure sale and BAC's alleged misrepresentations relating to that foreclosure. This is a different occurrence and a different wrong, involving a different time period. The Squires have not engaged in improper claim-splitting because the subject matter of the two sets of claims is not the same, but rather is factually and temporally distinct.[7] Dismissal of the Complaint on claim-splitting grounds is therefore unwarranted.

---

[7] In so concluding, the Court has considered BAC's contention that the allegations in both sets of claims "arise out of the same operative nucleus of facts, *i.e.*, BAC[]'s servicing of Plaintiffs' mortgage loan." (Doc. 10, at 10.) But BAC's servicing of the Squires' mortgage loan was not itself a singular operative factual nucleus; rather, it had different features at different times. The transfer of the loan to BAC in July 2010 is of crucial importance to the Squires' claims in this action, but appears only of tangential relevance to the State-Court Action. Similarly, the foreclosure sale and BAC's communications to the Squires in relation to same are of minimal relevance to this proceeding, but likely are at the heart of the State-Court Action. In short, the claims involve different conduct at different times. The possibility that "discovery in both cases is likely to involve many of the same documents and witnesses" (doc. 20, at 5) is not, without more, enough to justify dismissal of this action on claim-splitting grounds. At any rate, BAC appears to overstate the likely degree of that overlap, given the different conduct and events on which each set of claims is predicated. Finally, the Court declines BAC's invitation to "require Plaintiffs to assert their TILA claims in the pending state court litigation" (doc. 20, at 5), which (assuming the deadline for amending pleadings has not passed in the State-Court Action) would pave the way for BAC to remove that entire State-Court Action to federal court.

### III. Conclusion.

For all of the foregoing reasons, defendant's Motion to Dismiss (doc. 10) is **denied**. Defendant is **ordered** to file its answer to the Complaint on or before **December 13, 2011**.

DONE and ORDERED this 29th day of November, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE
